UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNIGROUP, INC., as assignee of )
Vanliner Insurance Company, )
)
      Plaintiff, )
) Case No.
vs. )
)
AMERICAN UNDERWRITING )
SERVICES, LLC, )
)
SERVE:   Robert Finlayson, II )
             Registered Agent )
             5605 Glenridge Drive )
             One Premier Plaza, Ste. 900 )
             Atlanta, GA 30342 )
)
      Defendant. )

## COMPLAINT

Plaintiff UniGroup, Inc., as assignee of Vanliner Insurance Company, files this Complaint against Defendant American Underwriting Services, LLC, and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is a Missouri corporation, with its principal place of business located in Fenton, Missouri.

2. Defendant is a Georgia limited liability company with its principal place of business located in Kennesaw, Georgia.

3. Upon information and belief, all members of Defendant are citizens of the State of Georgia.

4. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action wholly between citizens of different states.

5. Venue and personal jurisdiction are proper in this Judicial District because a substantial part of the events or omissions giving rise to this action occurred here. 28 U.S.C. § 1391(a). Defendant engaged in the continuous and systematic transaction of business activity in Missouri, including this Judicial District, and the contract in question was entered into and serviced here.

6. Further, Defendant's unlawful acts, as described herein, were directed at a Missouri resident, who resides in this Judicial District, and Defendant realized that the brunt of the harm would be felt in Missouri such that it should have reasonably anticipated being haled into Court here.

## Count I – Breach of Contract

Plaintiff, for Count I of its Complaint against Defendant, states the following:

7. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 6 of this Complaint.

8. Defendant is an independent insurance broker who solicits applications for various types of commercial insurance, including the classes of commercial insurance offered by Vanliner Insurance Company ("Vanliner").

9. In September 2009, Defendant entered into an Insurance Producer Agreement (the "Contract") with Vanliner who, at the time, was a wholly owned subsidiary of Plaintiff. A true and accurate copy of the Contract is attached hereto as Exhibit A and incorporated herein by reference.

10. Under the Contract, Defendant was, among other things, responsible for collecting and remitting all premium payments due on certain insurance policies produced by Defendant and issued by Vanliner.

11. In this regard, the Contract expressly states:

> You are responsible for the collection and remittance of all premiums on business placed with Vanliner when they are due, even if you are unable to collect them. The only exception to this is uncollectible final audit premiums if you notify Vanliner in writing within 45 days of completion of the audit that you cannot collect them.

*See* Exhibit A.

12. During the effective dates of the Contract, Defendant failed to collect and remit insurance premiums to Vanliner, pursuant to the Contract, in the sum of $574,180.62 and instead supplied a litany of excuses for not paying Vanliner.

13. Defendant's failure and refusal to tender the outstanding premiums to Vanliner and/or otherwise provide timely and proper notification under the Contract, as to purported uncollectibility, constitutes a breach of the Contract.

14. The Contract was in full force and effect at all times mentioned herein.

15. Vanliner fully performed its obligations and all conditions precedent under the Contract, including paying Defendant all commissions it earned on the insurance policies produced by it.

16. Despite Vanliner's performance under the Contract, the said amount remains due and owing by Defendant.

17. Demand has been made upon Defendant to tender the amounts owed under the Contract at various times. However, Defendant has failed, refused, and continues to refuse to reimburse Vanliner for the outstanding debts and obligations, which are due and owing to Vanliner under to the Contract.

18. As a direct and proximate result of Defendant's breach of the Contract, Vanliner has been damaged in the amount of $574,180.62.

19. The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, Vanliner is entitled to pre-judgment interest at the highest legal rate per annum on all such obligations from the dates on which they became due through the date of judgment.

20. Vanliner has assigned all of its rights and interests in the Contract to Plaintiff, and Plaintiff therefore has standing to pursue this action.

**WHEREFORE**, Plaintiff prays the Court for judgment in its favor and against Defendant for actual damages in the amount of $574,180.62, as the evidence will show, together with interest at the highest legal rate per annum from the relative dates through the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

### Count II – Action on Account

Plaintiff, for Count II of its Complaint against Defendant, states the following:

21. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 of this Complaint.

22. On or after September 2009, Defendant requested that Vanliner pay it commissions in return for Defendant's agreement to produce and collect premium payments.

23. By furnishing the commissions to Defendant, Vanliner accepted Defendant's request.

24. Defendant is obligated to tender to Vanliner all amounts due on said account.

25. The amounts owed on the account are fair and reasonable.

26. Despite Vanliner's performance of its duties, Defendant has failed, refused and continues to refuse to pay Vanliner the balance of the account, which was, and is, due and owing.

27. Demand for payment of all amounts owed on the account has been made upon Defendant at various times. However, Defendant has failed, refused and continues to refuse to tender said sums to Vanliner.

28. As a direct and proximate result of Defendant's failure to pay the full, fair and reasonable amount of the account, Vanliner has been damaged in the amount of $574,180.62.

29. The unpaid amounts are liquidated amounts which became due on specified dates; thus, Vanliner is entitled to pre-judgment interest at the highest legal rate per annum on all such obligations from the dates on which they became due through the date of judgment.

30. Vanliner has assigned all of its rights and interests in this matter and the amounts payable to Plaintiff, and Plaintiff therefore has standing to pursue this action.

**WHEREFORE**, Plaintiff prays the Court for judgment in its favor and against Defendant for actual damages in the amount of $574,180.62, as the evidence will show, together with interest at the highest legal rate per annum from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

### Count III – Account Stated

Plaintiff, for Count III of its Complaint against Defendant, states the following:

31. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 30 of this Complaint.

32. Vanliner and Defendant have had an ongoing business relationship involving a series of transactions dating from in or about 1999, or earlier.

33. The aforementioned balance due to Vanliner represents the sum of the various and reasonable sum of debts and obligations incurred by Defendant during the period of the business relationship.

34.     Vanliner states that the amounts owed and incurred are, and were at the time incurred, reasonable and proper, and Defendant promised and agreed to pay the same, but though often requested to do so, has failed and refused, and still fails and refuses to pay the same and every part thereof.

35.     Vanliner states that an account was stated between the parties when Vanliner provided Defendant with its account summaries which have not been disputed by Defendant. Further, Defendant expressly and unequivocally agreed to pay all such amounts owed to Vanliner in the amount of $574,180.62, until the balance was satisfied. Defendant has not objected to the accuracy of the account and has refused to pay any part thereof.

36.     As a direct and proximate result of Defendant's failure to pay the full, fair and reasonable amounts owed on the account, Vanliner has been damaged in the amount of $574,180.62.

37.     The unpaid amounts are liquidated amounts which became due on specified dates; thus, Vanliner is entitled to pre-judgment interest at the highest legal rate per annum on all such obligations from the dates on which they became due through the date of judgment.

38.     Vanliner has assigned all of its rights and interests in this matter and the amounts payable to Plaintiff, and Plaintiff therefore has standing to pursue this action.

**WHEREFORE**, Plaintiff prays the Court for judgment in its favor and against Defendant for actual damages in the amount of $574,180.62, as the evidence will show, together with interest at the highest legal rate per annum from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

_____

| | |
|---|---|
| Kevin L. Fritz | #41638MO |
| Sarah K. Cahill | #38753MO |
| Patrick E. Foppe | #57124MO |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri  63101
(314) 621-2939
(314) 621-6844/Fax
klfritz@lashlybaer.com
scahill@lashlybaer.com
pfoppe@lashlybaer.com

Attorneys for Plaintiff UniGroup, Inc.